D. PELLÓN & Co., Plaintiffs and Appellees, *v.* MÉNDEZ & Co., Defendants and Appellants.

No. 3480. Argued May 6, 1925.—Decided July 20, 1925.

1. CONTRACT—INTERPRETATION—PRINTED FORM—ACCEPTANCE OF CONDITIONS.—In this case the contract was drafted on a printed form and the blanks were filled in with the stipulations of the parties. At the bottom, printed in small type, appeared a stipulation for the acceptance of conditions printed on the back. *Held:* That considering the type used in printing the said stipulation and especially because the signatures of the parties preceded it, the said acceptance and conditions were not a part of the agreement of the contracting parties.

2. ID.—ID.—OBLIGOR—BREACH OF CONTRACT—LABOR STRIKE—DAMAGE. — When the obligor under a contract can not perform the obligations contracted by him because of a labor strike he does not incur liability and is not bound to pay the damages caused to the other party by delay in the delivery of the object of the contract.

First District Court of San Juan, Charles E. Foote, J.   Judgment for the plaintiff in an action on contract.   *Reversed.*

*Monserrat & Monserrat* and *Pedro Santana, Jr.,* for the appellants.

*Juan B. Soto* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

By a contract entered into on July 7, 1922, the appellants sold and agreed to deliver to the appellees on a fixed date a certain number of boards for making packing cases, to be brought from the United States. Delivery of the

boards was not made until after the date agreed on because of a strike of laborers on the railroads that were to haul the merchandise to the port where the steamer should load it for transportation to this Island. The strike began on the 1st of July and the appellants had no knowledge of it until after making the contract. An action was brought against them by the appellees to recover the sum of $5,049.50 as damages for the delay in delivery.

The trial court gave judgment against the defendants for the sum of $2,062.50 as damages and the costs and from that judgment the defendants took this appeal.

The contract of sale was drafted on a printed form whose blanks were filled in on a typewriter, and following the signatures of the parties appears, printed in small type, the following: "The parties agree to submit to all of the conditions appearing on the back of this contract." And on the back are printed in the same type six conditions, one of which is that acceptance of orders is subject to strikes.

We may ignore the first ground of appeal, for although the trial court held that the answer admitted the allegations of the verified complaint, yet the denials of the answer were the object of evidence and, for that reason the question has no importance in this appeal.

As the lower court based its judgment against the defendants on the ground that because of the place and form in which the said stipulations are printed they should not in justice be considered as a part of the contract and binding upon persons who had no participation in its framing or printing, the appellants allege under the second and third grounds of their brief that that conclusion is erroneous because section 1058 of the Civil Code provides that obligations arising from contracts have the force of law between the contracting parties and because although the strike clause may not be considered as a part of the contract, it would result that the appellants are not bound for

damages caused by the delay in delivery due to the strike, because section 1072 of the Civil Code prescribes that no one shall be liable for events which could not be foreseen or which having been foreseen were inevitable, with the exception of the cases expressly mentioned in the law or those in which the obligation so declares.

In order to decide the first question raised by the appellants it is necessary to determine whether or not the stipulations to which we have referred are a part of the contract.

[1] This is not a contract in which the parties set out their stipulations and then signed them (in which case there would be no doubt of the applicability of section 1058 of the Civil Code), but a paper wherein after filling certain blanks containing the stipulations of the parties subscribed by them there is found at the bottom of the sheet, printed in small type, the stipulation that the parties agree to submit to the conditions printed on the back of the contract also in small type. In view of the said circumstances, of the small type used in printing the stipulation for the acceptance of the conditions printed on the back of the paper, and especially of the fact that the signatures of the contracting parties precede that stipulation, we conclude that the said acceptance and conditions were not a part of the agreement of the parties and, therefore, that the court below did not err in not applying the said section to this case. In the case of *Summers* v. *Hibbard, Spencer, Bartlett & Co.*, 153 Ill. 102, 38 N. E. 899 (46 Am. St. Rep. 872), it was held that the mere fact that the appellants wrote their acceptance on a blank form for letters at the top of which were printed the words, "All sales subject to strikes and accidents," did not mean that the appellants had not entered into an unqualified contract of sale, and that the printed words are separate and apart from the written words of the document and at a place where one would not probably look for limitations to the written part.

[2] Let us pass on to the second question, which, as we have seen, was raised in the event that it should be held that the clause about strikes does not form a part of the contract. It is contended that even in that case the appellants are exempt from liability under section 1072 of the Civil Code which provides that no one shall be liable for events which could not be foreseen, or which, having been foreseen, were inevitable.

Are the appellants exempt from liability because the delay in the performance of their obligation was due to a strike?

Although labor strikes occur somewhat frequently, it is impossible to foresee when they will occur and obstruct the performance of an obligation, and also they are of such a nature that even if foreseen the obligor can not prevent their effects and they are inevitable. They do not depend on the will of an obligor under a contract; therefore, when the obligation can not be duly performed, as in this case, the obligor does not incur liability and is not bound to pay the damages caused by the conduct of other persons. On what legal ground can a person be held liable for the consequences of acts which do not arise from his will and which he could not have avoided if he had foreseen them, if not under section 1803 of the Civil Code? When the appellants entered into the contract they did not know that a few days before a strike had begun in the United States, and if they had known it they could not have prevented it. The law exempts from liability for occurrences like the one under consideration and for this reason we believe that the trial court erred in adjudging that, under the circumstances, the appellants should pay for the damages caused by acts which they could not control.

Having arrived at this conclusion, the judgment must be reversed and substituted by another absolving the defendants from liability.